IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-3219-DDD-SKC

MELISSA SIX,

Plaintiffs,

vs.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Defendant.

_____

**DEFENDANT'S UNOPPOSED MOTION TO RESTRICT DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL AND PLAINTIFF'S REPLY IN SUPPORT OF HER MOTIONT TO COMPEL, ALONG WITH ATTACHED EXHIBITS**
_____

Defendant, State Farm Mutual Automobile Insurance Company, by and through its attorneys, Karen H. Wheeler, Jami A. Maul, and Nicholas J. Deaver of Wheeler Law, Professional Corporation, moves pursuant to D.C.COLO.LCivR. 7.2 for leave to restrict access to Defendant's Response to Plaintiff's Motion to Compel [Doc #35] and Plaintiff's Reply [Doc #40] and attached exhibits [Docs #40-1, 40-2, and 40-3] and in support thereof, states as follows:

**Certificate of Compliance with D.C.COLO.LCivR. 7.(a)**

Counsel for Defendant certifies that they conferred with counsel for Plaintiff, who communicated that they do not oppose the relief sought.

**INTRODUCTION**

As the Court is aware, the parties in this case have had a dispute over the discoverability of certain documents requested by Plaintiff in written discovery. This issue was brought before the

1

Court in the form of a telephonic discovery dispute hearing on July 1, 2021. At the conclusion of the hearing, the Court granted Plaintiff leave to file a motion to compel under restriction. Plaintiff filed that motion under level one restriction on September 29, 2021. Defendant filed a Response to that motion [Doc. # 35], also under level one restriction, on October 13, 2021. Along with the Response, Defendant filed a motion to restrict the motion to compel under level one restriction [Doc # 36]. The Court granted the motion to restrict the motion to compel on October 19 [Doc. # 39]. On October 20, 2021, Plaintiff filed a Reply, with attached exhibits, in support of her motion to compel without restriction [Docs. #40, 40-1, 40-2]. Defendant now moves to restrict its Response and Plaintiff's Reply and exhibits.

## ARGUMENT AND AUTHORITIES

Pursuant to the local rule for the United States District Court for the District of Colorado, a motion to restrict public access shall be open to public inspection and shall:

> (1) identify the document or the proceeding for which restriction is sought
> (2) address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction);
> (3) identify a clearly defined and serious injury that would result if access is not restricted;
> (4) explain why no alternative restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and
> (5) identify the level of restriction sought.

D.C.COLO.LCivR 7.2(c).

**1. Identification of the Documents for Which Restriction Is Sought.**

Defendant seeks restriction of access to its Response to Plaintiff's Motion to Compel [Doc

#35] in full, as well as Plaintiff's Reply in Support of her Motion to Compel [Doc #40] and attached exhibits [Docs #40-1, 40-2, and 40-3]. The Court, in a discovery conference over the same issue, which was itself placed under seal, has previously authorized the filing of Plaintiff's Motion to Compel under restriction. *See* Courtroom Minutes for the July 1, 2021, discovery conference [Doc # 28]. The Court has previously granted Defendant's request to restrict the motion to compel [Doc. # 39]. The documents identified in this paragraph discuss the same issues that required the restriction of the motion to compel.

**2. The Interest to Be Protected.**

The Response and Reply are simply continuations of the briefing regarding the dispute brought before the Court on July 1, 2021 and again in Plaintiff's Motion to Compel. That dispute is over the discoverability of proprietary information contained within and/or referenced by confidential documents State Farm has produced pursuant to a protective order issued by the Court. Those documents concern company-wide incentive policies for employees of Defendant. Defendant certainly has an interest in protecting its salary structure and incentive plans. The manner in which Defendant compensates its employees is a business practice that provides it with an advantage in a competitive field. *See Carpenter v. United States*, 484 U.S. 19, 25–27 (1987) (finding that confidential information is the property of a business, and a business has a right to decide how to use it.). Further, under Colorado law, Defendant's employees themselves have a legitimate expectation of privacy as to the manner in which they are compensated. *See Corbetta v. Albertson's, Inc.*, 975 P.2d 718, 720 (Colo. 1999).

The identified interests, both of Defendant and its employees, outweigh the presumption of public access because, generally, the public has no legitimate interest in the salaries, bonuses,

benefits, or incentives of the employees of a private company or how a private employer chooses to compensate its employees. Since the public has no legitimate interest in accessing the information, Defendant and its employees' legitimate interests outweigh the presumption of public access.

**3. The Injury That Would Result.**

Making public the Response [Doc #35] and Reply and attached exhibits [Docs #40, 40-1, 40-2, 40-3] which continue the discussion referencing incentive plans that the Court has already ordered to be restricted [Doc #39] would provide Defendant's competitors in the marketplace valuable insight to a crucial component of Defendant's overall business strategy. If the documents are not restricted, then they will be publicly available indefinitely, which would cause continuing harm.

**4. Why Only Restriction Will Adequately Protect the Interest in Question**

The Response [Doc #35] and Reply [Docs #40, 40-1, 40-2, 40-3] continue a discussion that the court has now twice found to be subject to restriction. Like with the Motion to Compel and its exhibits, which the Court has already restricted, the documents directly discuss propriety information produced under a protective order; there is no practical way to protect that information other than restriction. To not restrict the documents discussing the proprietary and confidential information contained in the actual documents would defeat the purpose of the restriction in the first place.

**5. The Level of Restriction Sought.**

Defendant believes that a Level 1 restriction, i.e., restricting access to the parties and the Court, will be sufficient to address these concerns and prevent injury to State Farm.

WHEREFORE, for the foregoing reasons, Defendant State Farm Mutual Automobile Insurance Company respectfully requests this Court restrict access Defendant's Response to Plaintiff's Motion to Compel [Doc #35] and Plaintiff's Reply [Doc #40] and attached exhibits [Docs #40-1, 40-2, and 40-3] to Level 1.

DATED this 27th day of October 2021.

                                                    Respectfully submitted,

                                                    s/*Nicholas J. Deaver*
                                                    Nicholas J. Deaver
                                                    Wheeler Law, P.C.
                                                    5690 DTC Boulevard, Suite 240E
                                                    Greenwood Village, Colorado 80111
                                                    Telephone: (303) 221-4787
                                                    Nicholas@wheeler5280.com

                                                   Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-3219-DDD-SKC

MELISSA SIX,

Plaintiffs,

vs.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Defendant.

---

### CERTIFICATE OF SERVICE
---

I hereby certify that on October 27th, 2021, I electronically filed the foregoing **DEFENDANT'S UNOPPOSED MOTION TO RESTRICT DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL AND PLAINTIFF'S REPLY IN SUPPORT OF HER MOTIONT TO COMPEL, ALONG WITH ATTACHED EXHIBITS** with the Clerk of Court for filing and uploading to the CM/ECF system and served by e-mail to the following:

Richard Kaudy, Esq.
Cajardo Lindsey, Esq.
THE KAUDY LAW FIRM, LLC
333 W. Hampden Avenue, Suite 850
Englewood, CO 80110
T: 303-623-1885
F: 303-623-1825
rkaudy@kaudylaw.com
*Attorneys for Plaintiff*

Randall K. Fuicelli, Esq
Matthew Durkin, Esq.
FUICELLI & LEE, P.C.
1731 Gilpin St
Denver, CO 80218
T : 303-355-7202
F : 303-355-7208

keith@coloradoinjurylaw.com
mdurkin@coloradoinjurylaw.com
*Attorney for Plaintiff*

                s/ *Nicholas J. Deaver*
                Nicholas J. Deaver