IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge S. Kato Crews

Civil Action No. 20-cv-3219-DDD-SKC

MELISSA SIX,

    Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

## MINUTE ORDER DENYING PLAINTIFF'S MOTION TO COMPEL [DKT. 32]

    Before the Court is Plaintiff's Motion to Compel [Dkt. 32], which was referred to the Magistrate Judge. Having carefully reviewed the Motion and the related filings, the docket, and applicable law, no hearing is necessary. The Motion is DENIED for the following reasons:

    This Court previously ordered Defendant to produce "the bonus or incentive program" document "referenced by Alyssa Cottrell in her deposition for which she qualifies[,]" in response to Plaintiff's Request for Production No. 2. Based on the record at the time, the Court found the document bore potential relevance to the actions of the claims adjuster(s) who handled Plaintiff's claim. To develop that record further, the Court also allowed Plaintiff to ask specified questions in the Rule 30(b)(6) deposition of Defendant focused on the claims handlers' knowledge of, or familiarity with, the bonus or incentive plan when handling Plaintiff's claim.

    Since this Court's prior orders, Defendant has produced the incentive plan documents, but not other documents referenced in that plan. Plaintiff has also asked the Rule 30(b)(6) deposition questions this Court allowed, and attached applicable excerpts to the Motion. The Motion seeks additional discovery related to other documents and aspects of Defendant's incentive pay program.

1

The Court finds Defendant fully complied with this Court's prior order. The production of additional materials referenced in the incentive plan is a bridge too far. This Court afforded Plaintiff certain leeway to test the waters regarding her theory of motive, but those waters have tested cold. The deposition excerpts demonstrate only that the incentive plan was available for adjusters to access on the company's intranet site, and perhaps it was provided to them at some point in the past. But there is no evidence any witness who handled Plaintiff's claim did so with knowledge or understanding of how Defendant calculated any applicable incentive compensation. Further, the incentive plan itself states "[c]laim payments are not included in the scorecard results, and a decision to pay or not pay a claim will have no impact on results for the expense modifier."

For these reasons, the additional documents Plaintiff seeks are not relevant and delving deeper would be a fishing expedition. *See, e.g., Gutierrez v. State Farm Lloyds*, No. 7:14-CV-430, 2015 WL 13188353, at *7 (S.D. Tex. Jan. 22, 2015) ("Defendants argue that this is a fishing expedition to prove Plaintiffs' groundless theories. The Court agrees. What Plaintiffs are truly seeking is evidence of a perverse incentive structure that encourages State Farm employees to deliberately undervalue claims, which they hope will be contained in the personnel file."); *Fullbright v. State Farm Mut. Auto. Ins. Co.*, No. CIV-09-297-D, 2010 WL 300436, at *4 (W.D. Okla. Jan. 20, 2010) ("Plaintiffs speculate that adjusters' salaries are affected by the number of claims reduced or denied; however, that speculation is not sufficient to justify disclosure of personal and sensitive information contained in personnel files."); *cf. Hilt v. SFC Inc.*, 170 F.R.D. 182, 186–87 (D. Kan. 1997) ("Whatever may be said for the virtues of discovery and the liberality of the federal rules, which perhaps all courts recognize, there comes at some point a reasonable limit against indiscriminately hurling interrogatories at every conceivable detail and fact which may relate to a case.... The discovery rules provide no absolute, unharnessed right to find out every conceivable, relevant fact that opposing litigants know....").

To be sure, Plaintiffs claims are for (1) statutory bad faith; (2) breach of the duty of good faith and fair dealing; and (3) "declaration of rights under the contract for recovery of underinsured motorist benefits and breach of contract[.]" Plaintiff argues additional discovery concerning the incentive program is relevant to "Defendant's motives for denying her claim." But motive is not a necessary element to any of Plaintiff's claims, further demonstrating the lack of relevance of this additional discovery. The Motion is DENIED.[1]

---

[1] Rule 72(a) of the Federal Rules of Civil Procedure provides when a pretrial matter not dispositive of a party's claim or defense is referred to a Magistrate Judge, the Magistrate Judge must issue a written order stating the decision. Within 14 days after service of a copy of this Order, any party may serve and file written objections.

DATED:        February 18, 2022

---

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a). Failure to file written objections will result in a waiver of the right to appeal the non-dispositive order. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, such as when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").